## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERMAIN HICK, Inmate #31375-044,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **CIVIL NO. 06-800-DRH** |
| | ) |
| **BRIAN A. BLEDSOE,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Federal Prison Camp in Marion, Illinois, brings this federal civil rights action seeking injunctive relief to compel the Defendant to recalculate his sentence.

Plaintiff was scheduled for release from prison in November 2006. He had already secured placement in a community corrections facility. In September 2006, Plaintiff lost 27 days of good conduct credit after he was found guilty in a prison disciplinary hearing of violating prison rules for fighting with another inmate. To date, Plaintiff's release date has not been recalculated to reflect the lost good conduct credit. Plaintiff believes that the process required to reset his release date will keep him imprisoned for longer than he was originally sentenced, thereby violating his constitutional rights. Plaintiff seeks injunctive relief to require Defendant Bledsoe to recalculate his sentence.

Challenges to the calculation of an inmate's sentence or challenges to the loss of good conduct credit must be brought in a habeas corpus action. "If the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation . . . then

habeas corpus is his remedy." *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002), *quoting Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (When a federal prisoner attacks "the fact or length of his confinement in a federal prison on the basis of something that happened after he was convicted and sentenced, habeas corpus is the right remedy").

District Courts should not convert improperly filed civil actions to petitions for habeas corpus where a *pro se* litigant has "mistaken the nature of [his] claim." *Bunn*, 309 F.3d at 1007. Where an action has been improperly filed, it should be dismissed "for failure to choose the right procedural vehicle." *Id., citing Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice to Plaintiff's refiling his claims in a properly-filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

**DATED: October 23, 2006**

/s/   David   RHerndon
**DISTRICT JUDGE**